IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD JAMES COON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1832-L |
| | ) | |
| DALLAS COUNTY CONSTABLES | ) | |
| OFFICE, PRECINCT #3, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action.

Parties: Plaintiff Donald James Coon (Coon) resides in Whitehall, New York. Defendants are the Dallas County Constables Office and three of its employees (Constable Ben Adamcik, Lt. John Doe, Deputy Constable Angela R. Willie), Kelly Kilgo of Dallas, Texas, and Conway, Farrel, Curtain & Kelly P.C. of New York, New York. The court did not issue process in this case, pending preliminary screening.

Statement of Case: Plaintiff alleges that the Constables office and its employees were negligent in failing to serve Defendant Kilgo before the statute of limitations expired on July 31, 2008. He further alleges that Kilgo and Conway, Farrell, Curtin and Kelly engaged in fraud. He seeks to recover $300,000 in medical expenses, which he incurred in New York as a result of a

hit and run accident by Kilgo in which he and Kilgo were involved.

Findings and Conclusions: Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint fails to allege federal subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001) (subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988) (same); *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff asserts diversity of citizenship as the sole basis for federal jurisdiction in this case. (*See* Complaint at 1).

Complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1) and (b).

Plaintiff cannot rely on diversity of jurisdiction because he and one of the defendants (Conway, Farrell, Curtain and Kelly, P.C.) are citizens of the State of New York. (*See* Complaint at 2). It is well-established that the diversity statute requires "complete diversity" of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss,* 7 U.S. 267, 2 L.Ed. 435 (1806); *Mas v. Perry,* 489 F.2d 1396, 1398-99 (5th Cir. 1974)); *see also Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir.

2003).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The clerk will transmit a copy of this recommendation to Plaintiff.

Signed this 30th day of October, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.