IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DONALD JAMES COON**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:08-CV-1832-L** |
| | § | |
| **DALLAS COUNTY {TX} CONSTABLES OFFICE, PRECINCT #3, et al.**, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is Coon's Original Complaint, filed October 14, 2008, and Plaintiff's Motion for District Court Judge to Handle Case and Motion to Am[]end Suit and File This Am[]ended Complaint, filed November 12, 2008. Pursuant to Special Order 3-251, the complaint was referred to United States Magistrate Judge Wm. F. Sanderson. On October 30, 2008, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed. No objections to the Report have been filed.

This is a *pro se* civil action. Plaintiff alleges diversity of citizenship and an amount in controversy of at least $75,000 as his sole basis for jurisdiction. The magistrate judge found that because both Plaintiff and Defendant Conway, Farrell, Curtain and Kelly, P.C. are citizens of the state of New York, complete diversity does not exist and the court lacks subject matter jurisdiction.

Plaintiff does not object to the Report. He does, however, request that the magistrate judge recuse himself because he "misrepresented this case in his findings" when he stated that Plaintiff seeks to recover $300,000 in medical expenses. That the magistrate judge incorrectly stated the amount Plaintiff seeks to recover, however, does not amount to bias or show partiality, and is not

a basis for recusal. Plaintiff also seeks to amend his complaint to remove the non-diverse defendant as a party to this action. Subject matter jurisdiction must exist at the time the case is filed, and subsequent actions do not affect the court's jurisdiction. *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986). At the commencement of this suit, there was not complete diversity of citizenship, and the court lacked subject matter jurisdiction. "Rule 15 and 28 U.S.C. § 1653 do not allow a party to amend to create jurisdiction where none actually existed" *Id.* Accordingly, the court **denies** Plaintiff's Motion for District Court Judge to Handle Case and Motion to Am[]end Suit and File This Am[]ended Complaint.

Having reviewed the complaint, file, record, and the Report in this case, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. Accordingly, the court **dismisses this action without prejudice** for lack of subject matter jurisdiction.

**It is so ordered** this 24th day of November, 2008.

Sam A. Lindsay
United States District Judge